NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BINH CUONG TRAN,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4696<br><br>Agency No.<br>A073-286-994<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2025**
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and BARKER, District Judge.***

Petitioner Binh Cuong Tran, a citizen of Vietnam, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

an order of an Immigration Judge ("IJ") that petitioner be removed to Vietnam. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Tran is a native and citizen of Vietnam and was paroled into this country as a child. At age 22, he was convicted of rape and other crimes (*i.e.*, oral copulation by force, violence, duress; felony false imprisonment; and criminal threats) and was sentenced to over 24 years in California prison. Immigration authorities then charged Tran with being removable on multiple grounds, including conviction of a crime of moral turpitude and of two or more crimes for which the aggregate sentence was more than five years.

During removal proceedings, the IJ advised Tran of his right to apply for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. Tran applied for that relief. The IJ found that Tran's rape conviction was a particularly serious crime, making him ineligible for asylum and withholding of removal. As to CAT protection, Tran argued that it was more likely than not that he would be tortured in Vietnam due to his Christian faith, his political opinion, and his status as a "pre-1995 Vietnamese immigrant." The IJ analyzed Tran's evidence in considerable detail and concluded, after considering the aggregate risk of torture, that Tran failed to make the required likelihood showing. The IJ thus ordered Tran removed to Vietnam.

Tran appealed to the BIA, arguing that the IJ failed to advise him of his ability to apply for adjustment of status based on a waiver of inadmissibility due to his own receipt of parole or extreme family hardship. *See* 8 U.S.C. §§ 1182(h)(1)(A), (B). The BIA held that remand was not warranted because it is not plausible that Tran would be granted such relief on the facts of his case. Tran also challenged the denial of CAT protection. The BIA held that the IJ properly considered Tran's evidence and did not err in declining to make the likelihood-of-torture finding required for CAT relief.

Tran now petitions for review. He claims that (1) the BIA erred by finding that he was not plausibly eligible for adjustment of status based on an extreme-family-hardship waiver and (2) the BIA and IJ improperly analyzed his CAT claim and reached the wrong result.

As to the first claim, the government responds that adjustment of status based on extreme family hardship is sought from the U.S. Customs & Immigration Service, rather than in a removal proceeding, and thus is outside of an IJ's duty to advise in a removal proceeding under governing regulations. The government also responds that the BIA correctly found that adjustment was not plausible on the facts here. Because the government's second argument disposes of this claim, we need not reach the government's first argument and express no opinion on it.

The BIA engaged in the proper plausibility analysis: "if a petitioner does not have a plausible basis for a Chapter V benefit, the alien was not prejudiced by the failure to advise." *Zamorano v. Garland*, 2 F.4th 1213, 1223 (9th Cir. 2021). When an alien has been convicted of "violent or dangerous crimes," such as the BIA found Tran has been, favorable exercises of discretion are inappropriate "except in extraordinary circumstances, such as . . . cases in which an alien clearly demonstrates that the denial of the application for adjustment of status . . . would result in exceptional and extremely unusual hardship." 8 C.F.R. § 212.7(d). Tran has been in prison or DHS custody, separated from his family, for nearly 20 years. No matter how much the record could be developed on remand, it is extremely unlikely that Tran would be able to show that sufficient positive equities exist to overcome his rape and other convictions. So, even assuming for the sake of analysis that the adjustment-of-status relief at issue here is within the regulation governing a duty to advise, the BIA reasonably found Tran's eligibility implausible. Any error was harmless.

As to Tran's claim for CAT relief, the BIA's and IJ's legal analyses were correct, and their factual conclusion is supported by substantial evidence. Tran has two main arguments. First, he argues that the IJ and BIA erred legally by failing to aggregate the risks of torture from multiple sources—his Christianity, political opinions, and status as a pre-1995 Vietnamese immigrant. But the BIA and IJ stated

multiple times that they were considering the risks in the aggregate. The IJ's reference to *Matter of J-F-F-*, 23 I. & N. Dec. 912 (A.G. 2006), did not preclude aggregation of risk; this court has recognized that the chain-of-speculation principle from *Matter of J-F-F-* and the aggregation requirement are "logically consistent." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022). After aggregating the risks, the IJ found and the BIA affirmed that Tran failed to show that it was more likely than not that he would be tortured on the asserted bases upon return to Vietnam. Those are the correct legal standards.

Tran's second argument is that this conclusion was factually erroneous. But his evidence recited political and religious prisoners numbering in the hundreds—compared to, for example, 9,401,000 Christians living in Vietnam. To show that substantial evidence did not support the finding that any likelihood of torture was less than fifty percent, Tran would be required to do much more. And even if some stigma attaches to Vietnamese people who left the country before 1995, that does not show a lack of substantial evidence for the agency's finding.

**PETITION FOR REVIEW DENIED.**